NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1655 |
| Plaintiff - Appellee, | D.C. No. 8:18-cr-00266-JVS-2 |
| v. | |
| STEPHEN JAKE MCGONIGLE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted September 17, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and LEE, Circuit Judges.

A jury found Stephen McGonigle guilty of conspiracy to defraud the United States, 18 U.S.C. § 286, conspiracy to commit wire fraud, 18 U.S.C. § 1349, and aggravated identity theft, 18 U.S.C. § 1028A(a)(1). McGonigle challenges his conviction and 120-month sentence. We have jurisdiction under 28 U.S.C. § 1291,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and we affirm.

McGonigle's challenge to his aggravated identity theft conviction in light of *Dubin v. United States*, 599 U.S. 110 (2023) is forfeited. He did not file a pretrial motion as required by Federal Rule of Criminal Procedure 12(b)(3), even though *Dubin* was decided five months before trial, and he has not shown good cause to excuse the lack of motion. *See United States v. Duarte*, 137 F.4th 743, 749–50 (9th Cir. 2025); *United States v. Turner*, 124 F.4th 69, 75 (1st Cir. 2024).

McGonigle's *Dubin* challenge also fails on the merits. The *Dubin* majority refused to find 18 U.S.C. § 1028A(a)(1) unconstitutionally vague on its face. *Dubin,* 599 U.S. at 132 n.10; *see also United States v. Gladden*, 78 F.4th 1232, 1247 (11th Cir. 2023). Overwhelming evidence showed that McGonigle was engaging in an elaborate impersonation scheme: he created fake IDs with his likeness; opened mailboxes, debit cards and bank accounts in former clients' names; and withdrew cash from those accounts—none of which was authorized by or even known to the underlying victims. By impersonating the victims at ATMs, to banks, and to the IRS, McGonigle used their means of identification "in a manner that is fraudulent or deceptive." *See Dubin*, 599 U.S. 132. Such uses of identity were not a mere "ancillary feature" of the scheme; they were "at the crux of what makes the underlying offense criminal." *Id.* at 114.

At trial, the government presented more than sufficient evidence for a rational

juror to find the elements of all three crimes beyond a reasonable doubt. Evidence included fake driver's licenses with McGonigle's likeness, hundreds of fraudulent debit cards found at physical addresses linked to McGonigle, bank transaction data, ATM footage, and IP addresses used to file the fake returns linked to McGonigle's addresses. Given the overwhelming evidence tying McGonigle to the scheme, his sufficiency-of-evidence challenge fails.

McGonigle's sentence is procedurally and substantively reasonable. Although he challenges the loss calculation used to apply an enhancement under U.S.S.G. § 2B1.1, we need not reach that issue. The district court stated that regardless of the methodology used to calculate loss, it would impose the same ultimate sentence following a significant downward variance. In determining a sentence, the district court carefully considered 18 U.S.C. § 3553(a)'s factors. McGonigle's final sentence reflects the district court's consideration of both aggravating factors—including McGonigle's leadership role, the scheme's extensive nature, and his willful false testimony—and mitigating factors—including McGonigle's age and lack of criminal history.

Finally, the district court did not abuse its discretion in applying McGonigle's $300,000 cash appearance bond to his outstanding restitution under 28 U.S.C. § 2044. Section 2044 allows bond money to be applied to a criminal defendant's restitution but excludes the use of any "third party surety." Before trial, McGonigle

posted the $300,000 cash deposit and, in an affidavit, affirmed that he was the sole owner of the funds. The third party whom McGonigle now claims is entitled to one-third of the deposit also swore to this effect. Even accepting McGonigle's alternative account of the funds' origins, he would still be the sole owner of more than the amount deposited. Based on this record, the district court did not clearly err in determining that McGonigle was the sole owner of the cash deposit, and it did not abuse its discretion in applying the entire amount to his restitution.

**AFFIRMED.**